

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 13, 1939

Mr. John Stapleton
County Attorney
Floyd County
Floydada, Texas

Dear Sir:

Opinion No. 0-597
Re: May the treasurer of Floyd County
deduct the premium paid on her
surety bond from the excess fees
of her office?
Is it necessary for the treasurer
of Floyd County to make the annual
report required by Article 3897,
R. C. S. 1925, as amended?

Your request for an opinion on the above stated questions has been received by this office.

Article 3891, Revised Civil Statutes, as amended reads in part as follows:

"Each officer named in this chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants, deputies, and authorized expenses under Article 3899, and the amount necessary to cover cost of premiums on whatever surety bonds may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 3899, Revised Civil Statutes, reads in part as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses...."

Section b of Article 3899, supra, reads in part as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer....."

Article 3943, Revised Civil Statutes, generally, provides that the commissions allowed to any county treasurer shall not exceed $2,000.00 annually.

Article 3897, Revised Civil Statutes, reads as follows:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the state auditor), a copy of which statement shall be forwarded to the state auditor by the clerk of district court

of said county within thirty days after the same
has been filed in his office, and one copy to be
filed with the county auditor, if any; otherwise,
said copy shall be filed with the Commissioners'
Court. Said report shall show the amount of all
fees, commissions and compensation whatever earned
by said officer during the fiscal year; and second-
ly, shall show the amount of fees, commissions and
compensation collected by him during the fiscal
year; thirdly, said report shall contain an itemized
statement of all fees, commissions and compensation
earned during the fiscal year which were not col-
lected, together with the names of the parties owing
said fees, commissions and compensation. Said re-
port shall be filed not later than February 1st fol-
lowing the close of the fiscal year and for each
day after said date that said report remains not
filed, said officer shall be liable to a penalty
of $25.00, which may be recovered by the county in
which the suit is brought for such purposes, and in
addition said officer shall be subject to removal
from office."

Article 3891, supra, does not apply to the county
treasurer. The article says "each officer named in this chap-
ter"; the chapter referred to is Chapter I of Title 61, Re-
vised Civil Statutes, and no where in this statute is the
treasurer named. Nor does Article 3883 referred to include
the county treasurer. This Department has repeatedly held
the county treasurer cannot deduct the premium paid on his
surety bond from excess fees of office. Article 8877, supra,
specifically provides that each district, county and precinct
officer, at the close of each fiscal year, shall make to the
district court of the county in which he resides a sworn state-
ment as provided by such statute. It makes no exceptions,
therefore, the county treasurer is required by Article 3897
to make the annual report mentioned therein.

You are respectfully advised that it is the opinion
of this Department that the county treasurer of Floyd County
cannot deduct the premium paid on her surety bond from excess
fees of her office. You are further advised that it is necess-
ary for the county treasurer of Floyd County to make the annual

report required by Article 5897, Revised Civil Statutes, 1925, as amended.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell William

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS